FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>VICKI I. KERR, a.k.a. VICKI F. KERR;<br>ASHLEE M. BUNTON,<br><br>    Defendants. | NO. 2:16-po-00079-JTR<br>NO. 2:16-po-00108-JTR<br><br>**ORDER DENYING**<br>**DEFENDANTS' MOTIONS TO**<br>**RECONSIDER** |

  Before the Court are Defendants' Motions to Reconsider, No. 2:16-po-00079-JTR, ECF No. 88; No. 2:16-po-00108-JTR, ECF No. 90. The motions were heard without oral argument.

  This was a consolidated interlocutory appeal from an Order entered by the magistrate court granting Defendants' motions to suppress evidence of personal drug possession seized from their purses during an administrative search conducted at the entrance to the Social Security Administration ("SSA") office in Spokane. No. 2:16-po-00079-JTR, ECF No. 45; No. 2:16-po-00108-JTR, ECF No. 44. The underlying facts are recited in the Court's previous Order and will not be restated here. No. 2:16-po-00079-JTR, ECF No. 84; No. 2:16-po-00108JTR, ECF No. 86. Defendants request reconsideration of the Court's Order reversing the magistrate court's ruling suppressing evidence seized during an administrative search and remanding for further proceedings. No. 2:16-po-00079-JTR, ECF No.

**ORDER DENYING DEFENDANTS' MOTIONS TO RECONSIDER** + 1

84; No. 2:16-po-00108-JTR, ECF No. 86. Defendants specifically challenge two aspects of the Court's Order: (1) that the Court found an x-ray machine would have detected drugs contained in Defendants' respective purses; and (2) that Defendants did not challenge the magistrate court's findings that there is no discretion invested in the searching security officers nor a secondary impermissible purpose to the administrative search.

While the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, the Ninth Circuit has held that post-judgment motions for reconsideration may be filed in criminal cases. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). "Courts have held that motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *U.S.A. v. Krug*, No. CR09-01148-MMM, 2012 WL 12973474, at *1 (C.D. Cal. Oct. 24, 2012).

Under the Federal Rules of Civil Procedure, the Court can grant relief on a motion for reconsideration under Rule 59 or Rule 60. First, a party may ask the Court to reconsider and amend a previous order. Fed R. Civ. P. 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A Rule 59(e) motion may be granted when: (1) there is an intervening change in controlling law; (2) the moving party presents newly discovered or previously unavailable evidence; and (3) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Defendants rely on Rule 59 in making their motions.

First, Defendants contend that the Court committed manifest error in finding that x-ray machines would have uncovered the presence of illegal narcotics in Defendants' respective purses. This finding was contained in a footnote wherein "[t]he Court notes that evidence of methamphetamine and drug paraphernalia

**ORDER DENYING DEFENDANTS' MOTIONS TO RECONSIDER** + 2

uncovered during an administrative search of Defendants would also have been uncovered during an x-ray inspection of their property." No. 2:16-po-00079-JTR, ECF No. 84, at 7 n.1; No. 2:16-po-00108-JTR, ECF No. 86, at 7 n.1. Defendants suggest that there is no evidence in the record to support this finding. A manifest error of fact is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Error*, BLACK'S LAW DICTIONARY (10th ed. 2014). A district court does not commit clear error warranting reconsideration "when the question before it is a debatable one." *Monterey Bay Military Housing, LLC v. Pinnacle Monterey LLC*, No. 14–cv–03953–BLF, 2015 WL 1548833, at *5 (N.D. Cal. Apr. 7, 2015).

Here, the magistrate court received evidence that x-ray machines have the capability of detecting powders; normally, blasting powder would show as a grayish red color, and white powders as a bluish color. No. 2:16-po-00079-JTR, ECF No. 75-1, at 90; No. 2:16-po-00108-JTR, ECF No. 77-1, at 90. Specifically with regard to the methamphetamine contained in Defendants' property, if either of Defendants' containers containing methamphetamine passed through an x-ray machine, it would "show up as a bluish white blob inside the container." No. 2:16-po-00079-JTR, ECF No. 75-1 at 91; No. 2:16-po-00108-JTR, ECF No. 77-1, at 91. At that point, Officer Curtis testified that he "would take that container out of the bag so [he] didn't have all the other stuff in there, run it through the x-ray machine to verify, see if [he] could identify it. If [he] still can't identify it, [he] would have to go in that bag." No. 2:16-po-00079-JTR, ECF No. 75-1, at 91; No. 2:16-po-00108JTR, ECF No. 77-1, at 91. Based on the testimony before the magistrate court, this Court cannot say that it completely disregarded credible evidence in the record in stating that an x-ray machine would have detected the presence of narcotics contained in Defendants' property.

Moreover, the relief Defendants' seek would not have any impact on the Court's ultimate decision. The issue in this appeal is whether the administrative

**ORDER DENYING DEFENDANTS' MOTIONS TO RECONSIDER** ~ 3

search scheme employed at the Spokane SSA is no more extensive nor intensive than necessary, in the light of current technology, to detect the presence of weapons or explosives. *See United States v. Aukai*, 497 F.3d 955, 962 (9th Cir. 2017). A purported factual finding that an x-ray machine would also have detected the presence of drugs is inconsequential.

Second, Defendants take issue with the magistrate court's finding that there is no discretion invested in the security officers in conducting the search nor a secondary impermissible purpose to the administrative search. As noted in the Court's Order, the magistrate court's "findings of fact are accepted on appeal because they are supported by substantial evidence in the record, are not clear error, and neither party challenges them." No. 2:16-po-00079-JTR, ECF No. 84, at 6; No. 2:16-po-00108-JTR, ECF No. 86, at 6. By Defendants' own admission, "the Court may only reach the magistrate court's factual findings if the Government appealed those findings." No. 2:16-po-00079-JTR, ECF No. 88, at 2; No. 2:16-po-00108-JTR, ECF No. 90, at 2. The Government did not do so here. Defendants cannot now, for the first time, challenge the magistrate court's finding that there is no discretion invested in the searching security officers nor a secondary impermissible purpose to the administrative search at issue in this case. Moreover, after reviewing the magistrate court's factual findings for clear error, the Court held that its findings were supported by substantial evidence in the record and did not constitute clear error. Even had Defendants successfully challenged the magistrate court's finding regarding the alleged impermissible purpose of the administrative search, this Court has already upheld those findings on appeal. Defendants do not contend that the Court committed manifest error in so doing.

Defendants' motions to reconsider are denied.

//

//

**ORDER DENYING DEFENDANTS' MOTIONS TO RECONSIDER** + 4

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motions to Reconsider, No. 2:16-po-00079-JTR, ECF No. 88; No. 2:16-po-00108-JTR, ECF No. 90, are **DENIED**.

The District Court Clerk is hereby directed to enter this order and provide copies to counsel.

**DATED** this 17th day of April 2018.



_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANTS' MOTIONS TO RECONSIDER** + 5